# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEREMY PINSON,                          :
                                        :
      Plaintiff,                  :    Civil Action No.:    18-486 (RC)
                                        :
      v.                          :    Re Document No.:    34, 36, 39, 40
                                        :
U.S. DEPARTMENT OF JUSTICE, *et. al*,   :
                                        :
      Defendants.                 :

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTIONS FOR ORDER TO SHOW CAUSE; DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

## I. INTRODUCTION

*Pro se* Plaintiff Jeremy Pinson ("Pinson"), an inmate at the United States Penitentiary in Tucson, Arizona, began this case by filing a Freedom of Information Act ("FOIA") complaint in December 2016. Pinson now files two motions for an order to show cause, a motion for the issuance of subpoenas to the House Government Oversight and Reform Committee, Department of Justice Office of Inspector General, and Equal Employment Opportunity Commission ("EEOC"), and a motion for the appointment of counsel. The Court denies the motions for order to show cause because it finds that Defendants have adequately ensured Pinson is receiving their motions. The Court also denies the motions for the issuance of subpoenas and for appointment of counsel because the motions are premature at this stage in the litigation.

## II. BACKGROUND

This Court has already discussed the factual background for this case in its prior Memorandum Opinion. *See Pinson v. U.S. Dep't of Justice*, No. 18-cv-486, 2018 WL 5464706, at *1-2 (D.D.C. Oct. 29, 2018). The Court assumes familiarity with its prior opinion and

confines its discussion to the facts most relevant to the present motions.

Pinson filed suit on February 21, 2018 against the U.S. Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA"). Compl., ECF No. 1. On June 22, 2018, Pinson filed an amended complaint adding as defendants the Bureau of Prisons ("BOP"), U.S. Marshals Service, three additional DOJ component agencies (together with DOJ and the CIA, "Defendants"), and six individual defendants.[1] Am. Compl., ECF No. 16. Defendants have moved for an extension of time to respond to Pinson's amended complaint on multiple occasions. In their fourth such motion, filed on October 31, 2018, Defendants requested an extension of time to January 30, 2019 to respond to the Complaint. Defs.' Fourth Mot. Extension at 2, ECF No. 27. The Court granted the motion on November 16, 2018. Nov. 16, 2018 Order at 1, ECF No. 32.

On November 19, 2018, Pinson filed a motion for an order to show cause. Pl.'s Mot. Order Show Cause ("Pl.'s Mot. Cause I"), ECF No. 34. In the motion, Pinson asked the Court to order Defendants to show cause as to why they had failed to "supply the plaintiff with dispositive motions or an answer to the Complaint which as of November 10, 2018 the plaintiff still ha[d] not received." Pl.'s Mot. Cause I at 1. Pinson also asserted more generally that Defendants had failed to "adequately mark" the envelopes containing motions, leading to mail not reaching her in a timely manner. *Id.* In response, Defendants argued that "[s]uch an order [wa]s entirely unnecessary" because the reason Pinson had not received a response to the Complaint was that the deadline for Defendants' response was January 30, 2019. Defs.' Opp. Mot. Order Show Cause ("Defs.' Opp. Cause I") at 1, ECF No. 35. Defendants also stated that they "ensure that

---

[1] The individual defendants have not been served and are not currently represented by counsel for Defendants. *See* Defs.' Fifth Mot. Extension at 1 n.1, ECF No. 38.

any such dispositive motion (like all other filings) are identified as 'legal mail' on the outside of the envelope." Defs.' Opp. Cause I at 1.

On December 10, 2018, Pinson filed a second motion for an order to show cause, this time seeking an order for Defendants to show cause why their fourth motion for an extension of time had not been delivered to her, and to show cause as to how Defendants would ensure future delivery of motions to her. Pl.'s Second. Mot. Order Show Cause ("Pl.'s Mot. Cause II") at 2, ECF No. 36. In the motion, Pinson asserted that the failure to effectuate service was due to Defendants' counsel "not list[ing] his name, position, and the language in the legal mail regulation . . . on the envelope[s]" containing motions, and the mail not being "sent via certified mail." Pl.'s Mot. Cause II at 1. Defendants responded by stating that they label every mailing with "legal mail, open in presence of inmate," meeting the special mail requirements of 28 C.F.R. § 540.18(a). Defs.' Opp. Mot. Order Show Cause ("Defs.' Opp. Cause II") at 1, ECF No. 37. Defendants also argued that Defendants' counsel was not required to include his name or position on the envelope, nor were Defendants required to serve Pinson through certified mail. *Id.* On January 28, 2019, Defendants filed a fifth motion for extension of time, requesting an extension of the deadline to respond to the amended complaint to March 29, 2019. Defs.' Fifth Mot. Extension at 1. The Court granted the extension on January 29, 2019. Min. Order (Jan. 29, 2019).

On January 28, 2019, Pinson filed two additional motions, a motion for appointment of counsel and a motion for the issuance of subpoenas. In the motion for appointment of counsel, Pinson claims that a recent news article indicates the House Government Oversight and Reform Committee has issued a report finding "serious misconduct" and a "coverup" by high ranking BOP officials. Pl.'s Mot. Appoint Counsel ("Mot. Appoint") at 1, ECF No. 39. Purportedly

quoting directly from the report, the article's author noted that "[s]erious misconduct by senior federal prison officials [was] 'largely tolerated or ignored altogether' under a culture in which some were shielded from discipline." Kevin Johnson, *Congress: US Prison Misconduct Regularly 'Covered Up'*, USA Today, Mot. Appoint Ex. 1, ECF No. 39-1. Pinson asks the Court to appoint counsel to litigate this case on her behalf, in light of the "serious, chronic problem within the Bureau of Prisons with retaliation" evidenced by the article. Mot. Appoint at 2. Pinson claims that she is in need of counsel because she is at a "complete disadvantage to take depositions, navigate the labyrinth[] of technical rules, and is prohibited from communicating with other prisoners who are witnesses." *Id.*

In the motion for the issuance of subpoenas, Pinson asks, pursuant Fed. R. Civ. P. Rule 45(a)(3), for the Court to issue subpoenas to "the House Government Oversight and Reform Committee for [] it[]s 9-[p]age report [on the BOP,] all non-privileged source material used to create the report, and to the Office of Inspector General for all material in it[]s custody or control related to the investigation involving, or leading to, the 9-[p]age House report." Pl's Mot. Subpoena at 2, ECF No. 40.[2] In their response opposing the motion, Defendants argue, *inter alia*, that Pinson's motion is premature because none of them have filed a response to the first amended complaint, nor has the Court denied any dipositive motions by Defendants. Defs.' Opp. Mot. Subpoena at 1, ECF No. 41.

## III. ANALYSIS

Pinson has filed two motions for an order to show cause, a motion for the issuance of subpoenas to various government entities, and a motion for the appointment of counsel to assist

---

[2] Pinson also asks for the issuance of subpoenas to the EEOC but does not indicate what documents she is seeking from the Commission. *See* Pl.'s Mot. Subpoena at 3–4.

with the litigation of discovery issues in this case. The Court reviews, and denies, each motion in turn. Because Pinson has not shown that Defendants have been improperly failing to serve her with legal mail, the Court denies the motions for an order to show cause. And because the motion for the issuance of subpoenas and the motion for appointment of counsel are premature at this stage of the litigation, the Court denies them.

### A. Order to Show Cause

Pinson has filed two motions for an order to show cause, both relating to alleged inadequacies in the service of motions to her in this case. The Court denies both motions. The first motion for an order to show cause why Pinson has not received a dispositive motion or answer in response to the Complaint is premature because the deadline for Defendants to respond has not yet passed. And the second motion is denied because Defendants have shown that they are adequately ensuring the delivery of motions to Pinson.

In her first motion, Pinson asks the Court to order Defendants to show cause why she has not received a dispositive motion or answer in response to the amended Complaint. Pl.'s Mot. Cause I at 1. Defendants emphasize that "[i]t is unsurprising that Plaintiff has not received service of any such motion or answer as Defendants have not filed any such motion or answer." Defs.' Opp. Cause I at 1. It is indeed the case that the deadline to respond to the Complaint has not yet passed. The Court granted the Defendants' fourth motion for an extension of time on November 16, 2018, giving Defendants until January 30, 2019 to file their response. Nov. 16, 2018 Order at 1. Pinson's motion for an order to show cause was filed on November 19, 2019, before the deadline set by the Court for Defendants to respond had arrived. And the Court has since further extended the deadline for Defendants to file their answer or other response to the

Complaint to March 29, 2019.  Min. Order (Jan. 29, 2019).  Therefore, an order to show cause by the Court is unnecessary.

In her second motion, Pinson asks the Court to "order counsel for the [D]efendants show cause as to why the motion [for an extension of time] was not delivered to [P]laintiff, and also to show cause as to how he will ensure delivery of future motions."  Pl.'s Mot. Cause II at 2.  Pinson specifically asserts that Defendants' counsel (1) "does not list [his] name, position, and the language in the legal mail regulation (28 CFR 540.18(a))" on the envelope[s]" containing motions, and (2) does not send motions by certified mail.  *Id.* at 1.  However, 28 C.F.R. § 540.18(a) does not require an attorney to indicate his name and position in mail sent to inmates.  For mail to qualify as "special mail," the statute only requires that "the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail - Open only in the presence of the inmate.'"  28 C.F.R. § 540.18(a).  Mail clearly indicating that it is from, and providing the address for, the U.S. Attorney's Office for the District of Columbia is sufficient for adequate identification of the sender.  And Defendants assert that they label each piece of mailing "legal mail, open in presence of inmate" on the outside of each envelope.  Defs.' Opp. Cause II at 1.  Based on BOP policy, this is sufficient for the mailing to be considered special mail and to not be treated as a general correspondence.  *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Correspondence § 540.18(a) (2011), https://www.bop.gov/policy/progstat/ 5265_014.pdf.  In any event, nothing requires Defendants to serve Pinson with motions by special mail.  Pinson should be receiving motions in a timely manner, and an order to show cause by the Court is unwarranted at this time.

Finally, Pinson asserts in both motions that any motion or correspondence by Defendants must be mailed by certified mail.  Pl.'s Mot. Cause I at 1; Pl.'s Mot. Cause II at 1.  The Court in

a previous opinion in a related case, where Pinson is also the plaintiff, held that "[r]equiring service on M[s]. Pinson via certified mail would be unduly burdensome." *Pinson v. U.S. Dep't of Justice*, 104 F. Supp. 3d 30, 41 (D.D.C. 2015). As in that case, Pinson is receiving and responding to the vast majority of the government's filings without incident. And the record also shows that she has been actively litigating this matter and previous matters for years. Pinson has not been prejudiced by any of the shortcomings alleged in her motions, and the Court will not order that Defendants serve motions by certified mail.

## B. Issuance of Subpoenas

Pinson has filed a motion for the issuance of subpoenas to the House Government Oversight and Reform Committee, DOJ Office of Inspector General, and the EEOC, for documents relating to a House Government Oversight and Reform Committee report on the BOP. The Court finds that the motion for the issuance of subpoenas is premature, and thereby denies the motion.

Here, not all Defendants have been served, and those Defendants who have appeared have not yet filed an answer or any dispositive motions in response to the Complaint. The Court accordingly finds that discovery is not yet appropriate and that the motion for the issuance of subpoenas is premature at this stage. Once Defendants have answered the Complaint or filed a dispositive motion, Pinson may re-file her motion for the issuance of subpoenas if she believes it is necessary to respond to the dispositive motion or otherwise.

## C. Appointment of Counsel

Finally, Pinson asks the Court to appoint counsel to litigate this case on her behalf, in light of the "serious, chronic problem within the Bureau of Prisons with retaliation." Mot. Appoint at 2. She asserts that she needs appointed counsel in order to take depositions, navigate

technical rules, and communicate with prisoners who may be witnesses. At this point in time, because not all Defendants have been served and no response to the Complaint has been filed, the Court finds the appointment of counsel premature.

While a civil litigant is not guaranteed counsel, *see Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007), federal courts are authorized, in "exceptional circumstances" when the denial of counsel would result in fundamental unfairness, to "request an attorney to represent any person unable to afford counsel," *Renoir v. Governor of Virginia*, 755 F. Supp. 2d 82, 86 (D.D.C. 2010); *see also May v. Meeks*, No. 05-2116, 2006 WL 890671, at *1 (D.D.C. Apr. 5, 2006). "The district court judge controls the 'discretionary' decision of whether to appoint counsel." *Pinson v. U.S. Dep't of Justice*, 273 F. Supp. 3d 1, 4 (D.D.C. 2017) (quoting *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001)). Local Civil Rule 83.11 applies in determining whether appointment of counsel is appropriate in FOIA cases. *Willis*, 274 F.3d at 533. The Court must balance several factors: (i) the nature and complexity of the action; (ii) the potential merit of the *pro se* party's claims; (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.D.C. Civ. R. 83.11(b)(3). Any one factor may be controlling. *Willis*, 274 F.3d at 532 ("Given the magistrate[] [judge's] conclusion that [the plaintiff] was capable of handling his relatively straightforward FOIA case unaided, the magistrate did not need to go any further.").

Pinson asserts that she is in need of counsel because she is at a "complete disadvantage to take depositions, navigate the labyrinth[] of technical rules, and is prohibited from communicating with other prisoners who are witnesses." Mot. Appoint at 2. She also points out

that the Court has appointed counsel in a related case. *See Pinson*, 104 F. Supp. 3d at 35. But that appointment was for a narrow purpose, with Pinson receiving the assistance of counsel for the limited purpose of reviewing correspondence withheld by the BOP and determining compliance with FOIA. *See id.* Here, while the Court can foresee the complexity of a prisoner conducting depositions and communicating with witnesses, the motion to appoint counsel for those purposes is premature when not all defendants have appeared and there has been no response to the Complaint. Before a response is submitted, the Court has insufficient information to make the assessment required by Rule 83. Once the defendants have responded to the Complaint and any dispositive motions have been resolved, Pinson may re-file her motion if she believes appointment of counsel is necessary.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions for an order to show cause (ECF Nos. 34, 36), motion for the issuance of subpoenas (ECF No. 40), and motion for appointment of counsel (ECF No. 39) are **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 20, 2019

RUDOLPH CONTRERAS
United States District Judge